ISRAEL D. CARLETON v. ISAAC N. JENNESS ET AL.

*Surviving partner not liable on an unauthorized indorsement in the firm name without ratifying it.*

A member of a firm that has been dissolved by the death of a partner cannot bind the survivors by indorsing a note in the firm name, unless they ratify his act, even though the note may have been given for a debt of the firm.

The fact that a man has recognized a debt as one for which he is responsible, does not establish a right of action against him on a note purporting to bind him but given for the debt without his consent or acquiescence, though it might strengthen proof of his ratification of the note if there were any evidence to show it.

Error to St. Clair.     Submitted October 22 and 23. Decided October 30.

ASSUMPSIT.     Plaintiff brings error.

*Whipple & Voorheis* for plaintiff in error.     Where an indorser who knew he had been released by neglect to notify him of non-payment, said he was responsible for the note, it was held in effect a promise to pay it, *Curtis v. Sprague*, 51 Cal., 239.

*Geer & Williams* for defendant in error Jenness. Ratification of an agent's acts is not made out unless the principal was informed of all material facts, and of the effect of his act on his rights, 1 Pars. Cont., 52; *Elliott v. Dudley*, 19 Barb., 326; *Lusk v. Smith*, 8 Barb., 570; *Mathews v. Hamilton*, 23 Ill., 470; *Fletcher v. Dysart*, 9 B. Mon., 413; evidence of ratification should be as clear as is necessary to show original authority, *Wisconsin Bank v. Morley*, 19 Wis., 62.

COOLEY, J.     This case was before the court at the January term and is reported in 40 Mich., 343.     It has again been tried, and under instructions from the court

the jury have returned a verdict for the defendant Jenness.

The action is brought upon a promissory note dated June 30, 1877, made by the copartnership of A. & H. Fish, and purporting to be indorsed by the firm of I. N. Jenness & Co. There had been a copartnership doing business under the name of I. N. Jenness & Co., which was composed of Jenness and Allen and Henry Fish, but it had been dissolved by the death of Henry Fish in May, 1876. The note in suit was made more than a year later, and was indorsed with the name of I. N. Jenness & Co. by Allen Fish without the knowledge or consent of Jenness. The question in contest in this suit was whether Jenness had subsequently ratified or sanctioned the indorsement. Of this we find no evidence. He refused to recognize it and denied liability upon it when it was first brought to his attention and continuously.

Much testimony was taken to show that Jenness had recognized the indebtedness for which the note was given as indebtedness of the firm of I. N. Jenness & Co., or at least as indebtedness for which he was either morally or legally responsible. This evidence might have strengthened any proofs of his consent to or acquiescence in the giving of the note, if there had been such proofs; but in the absence of any, it is immaterial for what the note was given. Admitting the debt to have been a partnership debt of I. N. Jenness & Co., Fish nevertheless had no power to give the note, and the note being the sole cause of action, the plaintiff could not recover without establishing a right of action upon it. We agree with the circuit judge that no evidence was given tending to establish the liability of Jenness upon the note, and consequently nothing to submit to the jury.

The judgment must be affirmed with costs.

The other Justices concurred.